UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**RICHARD T. DORMAN**                                                                      **PETITIONER**

**v.**                                                               **CIVIL ACTION NO. 4:07CV-P79-M**

**UNITED STATES OF AMERICA**                                                               **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

Petitioner Richard T. Dorman filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the Court will recharacterize the § 2241 petition as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and transfer the motion to the Sixth Circuit as second or successive.

**I. PROCEDURAL HISTORY**

On April 11, 2001, Petitioner pleaded guilty to Aiding and Abetting Bank Fraud in violation of 18 U.S.C. §§ 1344 and 2 (Count 7 of the original indictment); on May 4, 2001, he pleaded guilty to another count of Aiding and Abetting Bank Fraud in violation of §§ 1344 and 2 (Count 7 of the superseding indictment); and on May 15, 2001, following a jury trial, he was found guilty of Conspiracy to Commit a Murder for Hire, Resulting in a Death in violation of 18 U.S.C. § 1958(a) (Count 1 of the superseding indictment). On January 17, 2002, this Court entered judgment and sentenced Petitioner to a total term of life imprisonment and a total term of five years of supervised release. The Court further imposed criminal monetary penalties in the form of a special assessment of $300.00 and restitution of $5,622.00. Petitioner filed an appeal, and the Sixth Circuit Court of Appeals affirmed his conviction and sentence on July 16, 2004. *See United States v. Dorman*, 108 Fed. Appx. 228 (6th Cir. 2004). He sought a writ of certiorari, which the Supreme Court denied on November 8, 2004. *See Dorman v. United States*, 543 U.S. 983 (2004).

On May 5, 2005, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See Dorman v. United States*, Civil Action No. 4:05CV-69-M; Criminal Action No. 4:99CR-11-M. This Court denied the motion by Order entered January 27, 2006. Petitioner filed an appeal and sought a certificate of appealability ("COA") from the Sixth Circuit. *See* No. 06-5430. On October 25, 2006, the Sixth Circuit denied the COA application.

Petitioner filed the instant § 2241 petition for writ of habeas corpus relief on May 29, 2007.[1] He asserts that "the Supreme Court in Zedner[2] caused a change in the law and application of the Speedy Trial Act in the district courts" and that under *Zedner* his speedy trial rights were violated requiring dismissal of his indictment.

## II.  ANALYSIS

Generally, a federal defendant challenges his conviction and sentence by way of a motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255. Relief under § 2241 "is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). A federal prisoner may challenge his conviction and imposition of sentence under 28 U.S.C. § 2241, rather than under § 2255, only if he is able to establish that his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (quoting last clause in fifth paragraph, *i.e.*, the

---

[1]"Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)). Petitioner certifies that he served a copy of the petition on May 29, 2007. Absent evidence to the contrary, the Court presumes Petitioner placed the petition in the prison mail system on this date.

[2]In *Zedner v. United States*, -- U.S. -- , 126 S. Ct. 1976 (2006), a direct appeal case, the Supreme Court held that a criminal defendant may not prospectively waive the application of the Speedy Trial Act (thus, a "petitioner's waiver 'for all time' was ineffective"), *id.* at 1987, and that "when a district court makes no findings on the record in support of an [ends-of-justice] continuance, harmless-error review is not appropriate." *Id.* at 1990.

"savings clause"); *Charles*, 180 F.3d at 755-56.  The petitioner bears the burden of proving that his remedy under § 2255 is inadequate or ineffective.  *Id.* at 756.

Petitioner argues that § 2255 is inadequate and ineffective for three reasons.  First, he claims that this Court dismissed his first § 2255 motion and that the *Zedner* issue cannot be raised in a successive § 2255 petition.  Second, he argues that the *Zedner* decision caused a change in the law which occurred after the affirmance of his conviction and the filing of his first 2255 motion.  And third, he contends that "[t]he claimed error of law here is a fundamental defect which inherently resulted in a complete miscarriage of justice, it presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent."

Contrary to these arguments, remedy under § 2255 is not rendered inadequate or ineffective "simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate."  *Charles*, 180 F.3d at 756 (citations omitted).  Rather, "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief."  *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  In fact, the Sixth Circuit has noted that unless the petitioner has made a claim of "actual innocence," no court has permitted him to bypass § 2255's prohibition on second or second applications by way of a § 2241 petition.  *Martin v. Perez*, 391 F.3d 799, 802 (6th Cir. 2004); *Peterman*, 249 F.3d at 462 ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence.").

While Petitioner claims an intervening change in law in *Zedner*, this change in law in no way establishes that he is actually innocent of the crimes for which he was convicted. *See, e.g., Carbe v. United States*, No. H-06-4055, 2007 WL 294153, at *1 (S.D. Tex. Jan. 29, 2007) (finding § 2241 not available as to petitioner's *Zedner* claim); *Montgomery v. United States*, No. CV-06-367-FVS, 2007 WL 130194, at *2 (E.D. Wash. Jan. 16, 2007) (same).

For these reasons, Petitioner has failed to establish that the remedy under § 2255 is inadequate or ineffective. The Court will, therefore, construe his § 2241 petition as a § 2255 motion to vacate, set aside, or correct sentence.

Normally, the Court could not *sua sponte* recharacterize a petition without warning Petitioner of the possible negative consequences of such a recharacterization and offering Petitioner an opportunity to respond or withdraw his petition. *See Castro v. United States*, 540 U.S. 375, 383 (2003). The negative consequences, though, stem from the preclusive effect such a recharacterization would have on a second, successive motion to vacate under § 2255. Here, Petitioner has already filed a previous motion to vacate under § 2255, which was denied on the merits. Thus, the harm sought to be avoid by *Castro* is not applicable. *See*, *e.g.*, *Castro*, 540 U.S. at 383 ("The limitation applies when a court recharacterizes a *pro se* litigant's motion as a *first* § 2255 motion.") (emphasis added); *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002) ("[I]t appears from the record that the district court, before re-characterizing Shelton's *first* post-conviction filing as a § 2255 motion, did not provide Shelton with appropriate notice and an opportunity for withdrawal.") (emphasis added).

Since Petitioner's current filing is a "second or successive motion" within the meaning of 28 U.S.C. § 2255, it must be transferred to the Sixth Circuit for the necessary certification required by 28 U.S.C. § 2244. Section 2244(b)(3)(A) of Title 28 of the United States Code

4

mandates: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Because Petitioner has failed to obtain a panel certification prior to filing his petition, this Court lacks jurisdiction to consider it. *See In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997).

### III. ORDER

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's § 2241 petition (DN 1) is **RECHARACTERIZED as a § 2255 motion** to vacate, set aside, or correct sentence and that the § 2255 motion (DN 1) is **TRANSFERRED** to the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631, as a second or successive § 2255 motion. *See In re Hanserd*, 123 F.3d at 934 ("If either a motion requesting permission or a second or successive motion to vacate sentence is erroneously filed in district court, that court should transfer that motion to [the Sixth Circuit Court of Appeals] under 28 U.S.C. § 1631.") (citing *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)).

Date:

cc: Petitioner
     United States Attorney
     Clerk, Sixth Circuit Court of Appeals
4414.005